[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGEMENT
This matter was referred under P.B. Section 564D to a Fact-Finder for hearing. A hearing was held before Fact-Finder Mary-Margaret Dalton, and on November 29, 1995, Attorney Dalton issued her findings of fact. The defendant filed a timely objection to the acceptance of the findings of fact. Pursuant to P.B. Section CT Page 973 546J, the Court scheduled a hearing in connection with the defendants objection which was held on January 16, 1996. The defendant argues that the Fact-Finder failed to make any findings relative to liquidated damages. The Fact-Finder found that the plaintiff provided the defendant with notice that they were unable to obtain mortgage approval. (Fact-Finding report Par.(j)). Under Paragraph 7 of the contract (Pl. Ex. J) after notice of mortgage disapproval, the contractor may retain monies for time expended estimating. The Fact-Finder found that the contractor did not incur any work time estimating after the inception of the contract. (Fact-Finding report Par (k)). Mortgage disapproval was found by the Fact-Finder; however, Paragraph 7 provides that but for estimating time expenses, the agreement would terminate with no further liability of either party following mortgage disapproval. Therefore, the Fact-Finder was not obligated to make any findings with respect to liquidated damages.
The Court accepts the report of the Fact-Finder and shall render Judgement in accordance with said report. Judgement shall enter on behalf of the Plaintiff as against all defendants on the first count in the amount of $6,000.00 plus interest pursuant to Section 37-31 of the Connecticut General Statutes commencing from December 5, 1992 in accordance with the recommendation of the Fact-Finder. In addition, the court shall in accordance with the Fact-Finders report dismiss the claims in the second and third counts on the basis that the plaintiff failed to sustain his burden. Judgement shall enter accordingly.
PELLEGRINO, J. /s/